JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Jeff Macy,

PLAINTIFF(S)

v.

San Bernardino County Land Use Services Department,

DEFENDANT(S)

CASE NUMBER

5:24-cv-01329-RGK-BFM

ORDER ON REQUEST TO PROCEED
IN FORMA PAUPERIS
(NON-PRISONER CASE)

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

7/2/2024

Date

*Gary Klausner*
United States District Judge

CV-73 (07/22)  ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On June 18, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) Plaintiff alleges that Defendant, a county agency, engaged in extortion, restricted land use in violation of Plaintiff's religious rights, failed to supervise workers, and intentionally inflicted emotional distress. (ECF No. 1 at 1.)  He seeks $250,000 in damages. (Id. at 30.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As explained below, the Complaint is dismissed without leave to amend.

First, this action is frivolous because it is duplicative of Plaintiff's pending action in Case No. 5:24-cv-01009-RGK-BFM, in which Plaintiff also alleged land use restrictions in violation of his religious rights and a failure to supervise.  Thus, these claims are dismissed as frivolous.  See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (a complaint that merely repeats pending or previously litigated claims is subject to dismissal as frivolous).

Second, the Complaint otherwise fails to state a claim.  Plaintiff has no private right of action for extortion. See Abcarian v. Levine, 972 F.3d 1019, 1026 (9th Cir. 2020) (no private right of action for extortion, which is a federal criminal offense).  His remaining claim for intentional infliction of emotional distress is based on state tort law rather than federal law and, therefore, is dismissed without prejudice.  See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir.1989) ( "When . . . the court dismisses the federal claim[s] leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.").

Third, given these deficiencies, leave to amend is not warranted.  See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (amendment was futile where there was no cause of action).  Thus, the Complaint is dismissed without leave to amend.  The dismissal is without prejudice to Plaintiff seeking relief in state court for state law claims.

Finally, it is noted that Plaintiff has filed approximately nine suits with the Court within the last month.  Almost all of them repeat claims from prior suits that were dismissed or are still pending.  Plaintiff is warned that he should not continue to file suits that merely repeat previously litigated claims.  If he continues to file duplicative suits with this Court, he could be subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

*(attach additional pages if necessary)*